UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO D. COOPER,

          **Plaintiff,**

vs.                                        **Case No. 8:06-CV-751-T-27MAP**

F.A. MANAGEMENT SOLUTIONS, INC.,
and SHAFRITZ AND BRATEN, P.A.,

          **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** are: Plaintiff's Motion for Partial Summary Judgment (Dkt. 43), to which Defendants have responded in opposition (Dkt. 56), Defendants' Joint Motion for Summary Judgment (Dkt. 49), to which Plaintiff has responded in opposition (Dkt. 52), Defendants' Joint Supplemental Motion for Summary Judgment (Dkt. 63), to which Plaintiff has responded in opposition (Dkt. 65), Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 62), to which Plaintiff has responded in opposition (Dkt. 64) and Defendants' Motion for Entitlement to Attorney's Fees Against Plaintiff Pursuant to Fed. R. Civ. P. 11 (Dkt. 68), to which Plaintiff has responded in opposition (Dkt. 73).

Defendants move for summary judgment on Counts 1, 2 and 4 of Plaintiff's Third Amended Complaint.[1] (Dkts. 49, 63) Plaintiff moves for summary judgment on Counts 1 and 2. (Dkt. 43)

---

[1] Defendants have not moved for summary judgment on Count 3, regarding Plaintiff's contention that Defendant Shafritz and Braten's communication with Florida Department of Highway and Motor Vehicles constituted a violation of FDCPA.

1

Upon consideration, Plaintiff's Motion for Partial Summary Judgment (Dkt. 43) is denied, Defendants' Joint Motion for Summary Judgment (Dkt. 49) is granted as to Counts 1 and 4 of Plaintiff's Third Amended Complaint, Defendants' Joint Supplemental Motion for Summary Judgment (Dkt. 63) is granted as to Count 2 of Plaintiff's Third Amended Complaint, and Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 62) is denied as moot. Jurisdiction is reserved on Defendants' Motion for Entitlement to Attorney's Fees (Dkt. 68).

## *Background*

Plaintiff Mario Cooper had a delinquent credit card account with Discover. Defendant F.A. Management Solutions ("FAMS") purchases portfolios of delinquent credit card accounts and retains law firms to undertake efforts to collect past due accounts. FAMS purchased a portfolio of delinquent credit card accounts which included Plaintiff's Discover card account. FAMS retained Defendant Shafritz and Braten, P.A., a collection law firm, to undertake collection efforts. Hugh Shafritz is the Director of FAMS and President of Shafritz and Braten. (Dkts. 49-2, 56-2)

On September 14, 2004, FAMS, through Shafritz and Braten, filed suit against Plaintiff in Pinellas County to collect the debt. According to Defendants, prior to filing the lawsuit, Shafritz and Braten performed a search on Accruint, an electronic web-based search database, which confirmed a Pinellas County address as Plaintiff's current address. (Dkt. 56-2) Plaintiff contends that the law firm filed the lawsuit in Pinellas County without first attempting to determine his current address, and that it performed the Accruint search only after unsuccessfully attempting to serve him at the last address which Discover had on file, which was located in Pinellas County. (Dkts. 54, 56-2)

On its first attempt at service, Plaintiff's father, who resided at the Pinellas County address, informed the process server that Plaintiff was attending law school in Gainesville, Florida. (Dkts.

2

46, 49-2, 56-2)  After performing several additional Accruint searches, all revealing the same

Pinellas County address, the law firm forwarded an Alias Summons to the Clerk of Court to attempt

service on Plaintiff. (Dkt. 56-2)  Defendants contend and Plaintiff disputes that, in addition to the

Accruint searches, the law firm searched driver's license and marriage records to locate an address

for Plaintiff. (Dkts. 54, 56-2) On the law firm's second attempt at service, Plaintiff's father told the

process server that Plaintiff was living in Gainesville, Florida (Alachua County) but that he did not

have his address. (Dkts. 46, 56-2)  The law firm then perfected substitute service on the Secretary

of State pursuant to Florida Statutes §§ 48.161 and 48.181. (Dkt. 56-2)  Plaintiff failed to appear for

the pre-trial hearing and a default judgment was entered against him on May 13, 2005.  On June 5,

2005, Plaintiff moved to set aside the default judgment. Hiis motion was denied and Plaintiff

appealed. (Dkt. 46-2)

On April 24, 2006, while his state court appeal was pending, Plaintiff filed this action. In his

complaint, he alleges violations of various provisions of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692-1692p, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72.

(Dkt. 1)  On August 7, 2006, the state appellate court reversed and remanded, finding that FAMS

had not complied with the statutory requirements for substitute service on the Secretary of State and

that the record did not suggest that Plaintiff intentionally rejected service. (Dkt. 46-2)

In October 2006, Shafritz and Braten contacted the Florida Department of Highway and

Motor Vehicles and obtained Plaintiff's driver's record, which listed the Pinellas County address as

Plaintiff's address. (Dkt. 56-2)  Plaintiff admits that at all times while he was in law school in

Gainesville, Florida, his driver's license reflected that he lived in Pinellas County. (Dkt. 49-4;

Cooper Depo. at 34, 35)  In December 2006, the law firm contacted the Pinellas County Supervisor

of Elections and obtained Plaintiff's voting records. (Dkt. 56-2) The records indicated that Plaintiff

had been registered to vote in Pinellas County since February 1997 and had voted in Pinellas County

in the General Election in November 2004. (Dkt. 49-4; Cooper Depo. at 35)

On March 21, 2007, after a final hearing on remand, the state court in the underlying action

found Plaintiff liable to FAMS for the amount of the debt and pre-judgment interest. The court

noted that Plaintiff's voting and driving records verified that the Plaintiff had used the Pinellas

County address where service was attempted after the lawsuit was filed. (Dkt. 32-2) Plaintiff's

appeal from this judgment remains pending.

During the pendency of the underlying litigation and this action, the Florida Board of Bar

Examiners contacted FAMS in connection with Plaintiff's application for admission to The Florida

Bar. As part of its investigation into Plaintiff's character and fitness, the Board requested information

about Plaintiff's credit account.   Along with its request, the Board provided a copy of an

Authorization & Release form signed by Plaintiff authorizing "every person, official, representative

of a firm, corporation, association, organization or institution . . . to furnish . . . documents, records

and other information to the Board" and releasing all authorized persons from liability growing out

of or pertaining to the furnishing or inspection of such documents, records and other information.

(Dkt. 56-3)  In response to the Board's request, FAMS forwarded information regarding the debt,

including information regarding the underlying litigation, to the Florida Board of Bar Examiners.

(Dkts. 46, 56-2)

Plaintiff's Third Amended Complaint is the operative complaint.[2] Plaintiff's Third Amended

---

[2] On May 14, 2007, Plaintiff filed a Motion for Leave to file a Third Amended Complaint and attached a copy of the proposed pleading. (Dkt. 50, 50-2) Plaintiff's motion was granted and he was directed to file his proposed Third Amended Complaint as a separate CM/ECF Docket Entry. (Dkt. 60) Plaintiff filed the Third Amended Complaint on July 10, 2007. (Dkt. 61) The Third Amended Complaint differs from the complaint

Complaint alleges that Defendant Shafritz and Braten violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692i, by filing suit to enforce the debt in the wrong county and failing to correct that error once on notice that Plaintiff did not reside in Pinellas County (Count 1), Defendant Shafritz and Braten violated § 1692c(b) of FDCPA, by communicating with the Florida Board of Bar Examiners regarding the debt (Count 2), Defendant Shafritz and Braten violated §§ 1692(b) and 1692c(b) of FDCPA, by communicating with the Florida Department of Highway and Motor Vehicles regarding collection of the debt (Count 3),[3] and Defendants violated the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72(9), by attempting to enforce a debt that they could not enforce due to their alleged illegal activity in soliciting legal business in contravention of Fla. Stat. § 877.02 (Count 4).

### Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004) (internal citations omitted). "An issue of fact is 'genuine' if the record

---

proposed in Plaintiff's motion in that it does not contain proposed Count 5, which alleged that Defendant Shafritz and Braten violated Fla. Stat. § 559.729), by attempting to enforce a debt that it could not enforce due to its failure to register with the state as required by Fla. Stat. § 559.53. The Court deems the Third Amended Complaint (Dkt. 61) the operative complaint.

[3] Defendants have not moved to dismiss Count 3, and neither party has moved for summary judgment on that count. In Count 3, Plaintiff alleges that Defendant Shafritz and Braten, P.A. violated the FDCPA's restriction on third party communication "by contacting the Florida Department of Highway and Motor Vehicles to acquire "location information" regarding the collection of the underlying debt" and when it contacted "the Florida Department of Highway and Motor Vehicles ("DMV") and requested the complete driving report of the Plaintiff." (Dkt. 61, ¶¶ 35, 36).

taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.  All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24.  Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).  Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

### *Count 1: Statute of Limitations*

Count 1 alleges a violation of § 1692i(a)(2), which requires that an action against a consumer on a debt be brought either in the judicial district in which the consumer signed the contract sued upon or in the judicial district in which the consumer resides at the commencement of the action.[4]

---

[4] 15 U.S.C.A. § 1692i (a) provides:
Any debt collector who brings any legal action on a debt against any consumer shall--
(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--
(A) in which such consumer signed the contract sued upon; or
(B) in which such consumer resides at the commencement of the action.

FAMS, through Shafritz and Braten, filed the underlying state court collection action in Pinellas County on September 14, 2004. Plaintiff contends that the collection action was filed in the wrong county, in violation of § 1692i(a).

An action pursuant to 15 U.S.C. § 1692i(a) must be brought within one year of the alleged violation. 15 U.S.C. § 1692k(d).[5] This case was not filed until April 24, 2006, more than one year after the state court action was filed. Defendants contend that the alleged violation occurred either on September 14, 2004, when FAMS filed the underlying state court action, or in March 2005, when FAMS perfected substitute service through the Secretary of State, and that Plaintiff's claim is time barred considering either date.

Plaintiff contends that the statute of limitations did not begin to run until he had knowledge of the state court collection case, that is, when he became aware that a default judgment had been entered against him in June 2005. (Dkt 46) Alternatively, Plaintiff contends that the statute begins to run on the date of service, which he contends is November 2006, when he was personally served with a summons to appear for a pre-trial conference in the underlying case after the case had been reversed and remanded, since the substituted service was found to be deficient by the state court. (Dkt. 56).

The gravamen of the FDCPA violation alleged in Count 1 is the filing of the state court collection action in the wrong county. (Dkt. 61, ¶ 25) Pursuant to the plain language of §1692k(d), Plaintiff was required to file this action "within one year from the date *on which the violation occurs.*" (emphasis added).  The violation complained of in Count 1 was the filing of the state court

---

[5] 15 U.S.C.A. § 1692k(d) provides: An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

action in the wrong county. The one year limitation period therefore began to run when the alleged

violation occurred, the filing of that action. *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997)

("[T]he statute of limitations began to run on the filing of the complaint . . .").

When Plaintiff became aware of the alleged violation is of no consequence in determining

whether his claim in Count 1 is time barred. The FDCPA, specifically § 1692k(d), does not contain

a general discovery rule, that is, an exception providing that the one year limitation period begins

to run when a debtor "knows or has reason to know" of a violation of the Act. In the absence of an

express general discovery rule, a judicial implication of a general discovery rule is precluded. *See*

*TRW Inc. v. Andrews,* 534 U.S. 19, 27-28 (2001).[6] Accordingly, the limitation period begins to run

on the date of the alleged violation, not when it is discovered. *See Maloy v. Phillips,* 64 F.3d 607,

608 (11th Cir. 1995), rehearing. *en banc* denied, 72 F.3d 890 (11th Cir. 1995) (alleged violation

---

[6] Plaintiff, a law school graduate, expressly disclaims any reliance on equitable tolling (Dkt. 52, p. 5-6) ("This type of case would be the type of case for equitable tolling, but equitable tolling is not needed in this case because Plaintiff has filed his current suit well within the statute of limitations."). Plaintiff has therefore abandoned any reliance on equitable tolling. In any event, on this record, assuming the applicability of equitable tollling to the FDCPA, Plaintiff has not carried his burden of establishing a basis for equitable tolling of the limitation period. The Eleventh Circuit has recently addressed the extraordinary nature of equitable tolling:

> "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999) ... The plaintiff bears the burden of showing that such extraordinary circumstances exist. (citation omitted). In determining whether a plaintiff meets this burden, we must keep in mind that "[equitable] tolling is an extraordinary remedy which should be extended only sparingly." (citations omitted). *Arce v. Garcia,* 434 F.3d 1254, 1261 (11th Cir. 2006).

If, without deciding, the filing of the underlying state court action was a violation of the FDCPA, Plaintiff has not met his burden of establishing extraordinary circumstances beyond his control which prevented him from filing this action within the limitation period. The underlying state court action was filed on September 14, 2004. Plaintiff avers that he became aware of that lawsuit in June, 2005, less than one year after it was filed and approximately three months before the one year limitation period would expire. (Dkt. 46, ¶ 11) However, Plaintiff waited until April 24, 2006 to file this federal action, more than a year after learning of the state court action. Plaintiff has not demonstrated extraordinary circumstances beyond his control and unavoidable with diligence.

occurred on date collection letter was mailed, not on date it was received, as the date of mailing was "the debt collector's last opportunity to comply with the FDCPA"); *Mattson v. U.S. West Commc'n, Inc.,* 967 F.2d 259, 261 (8th Cir. 1992) ("The date on which SIC mailed the letters was its last opportunity to comply with the FDCPA, and the mailing of the letters, therefore, triggered section 1692k(d).").[7]

Pursuant to § 1692k(d), Plaintiff was required to file suit within one year after the underlying action was filed. He did not and therefore his claim is time barred. Summary judgment as to Count I of Plaintiff's Third Amended Complaint is GRANTED in favor of Defendants. Plaintiff's Motion for Partial Summary Judgment as to Count 1 is DENIED.

### Count 2: Communication with The Florida Board of Bar Examiners

Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with third parties "in connection with the collection of any debt" without the prior consent of the consumer. 15 U.S.C. § 1692c(b) (emphasis added). On this record, Shafritz and Braten, P.A.'s communications with the Florida Board of Bar Examiners cannot be said to have been made "in connection with" the collection of the debt. Rather, the undisputed evidence establishes that Defendant's communications with the Board were in response to its request for information in connection with Plaintiff's application for admission to The Florida Bar, which Plaintiff authorized. (Dkt. 56, Exhs. 1, 2). Moreover, Plaintiff expressly released individuals and corporations contacted by the Florida Bar of any claims that may arise through release of the requested information. (Dkt. 56, Exh. 2).

The plain language of § 1692c(b) requires that a communication be "in connection with the

---

[7] The Tenth Circuit has held that a violation of the FDCPA based on the filing of a lawsuit occurs on the date process is served, rather than on the date of filing. *Johnson v. Riddle,* 305 F.3d 1107, 1113 (10th Cir. 2002). The reasoning of *Johnson v. Riddle* is not persuasive, however, given the holding in *Maloy v. Phillips, supra.*

collection of any debt." When the words of a statute are clear, analysis must begin and end with the statutory language. *E.g., Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (citations omitted); *United States v. Clemendor*, 237 Fed.Appx. 473, 477-78 (11th Cir. 2000). Since Defendant Shafritz and Braten, P.A.'s communications were not "in connection with the collection" of a debt, they were not prohibited by § 1692c(b). Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to Count 2 of Plaintiff's Third Amended Complaint and Plaintiff's Motion for Partial Summary Judgment as to Count 2 is DENIED.

### Plaintiff's FCCPA Claim

### Count 4: Solicitation

Plaintiff alleges that Defendant Shafritz and Braten instructed FAMS to purchase debt portfolios with the understanding that Shafritz and Braten would represent it in collecting the debt, in violation of Fla. Stat. § 877.02. (Dkt. 61, ¶ 40).Plaintiff argues that this statute prohibits the solicitation of legal services and that enforcement of a debt under these circumstances violates § 559.72(9) of the FCCPA. Plaintiff's appears to claim that Shafritz and Braten asserted the existence of a right to collect the debt on behalf of FAMS when Shafritz and Braten knew it did not have the right to do so due to its illegal solicitation of legal business from FAMS.(Dkt. 61, ¶ 41). Plaintiff seeks judgment against FAMS.[8]

This issue was litigated in the underlying state court action. (Dkt. 32-2, ¶ 3). The state court rejected Plaintiff's argument. (Dkt. 32-2, ¶ 5). Accordingly, consideration of this issue by the federal court is precluded pursuant to the doctrines of res judicata and collateral estoppel. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984) ("Issue preclusion refers to the effect of

---

[8] In the "WHEREFORE" clause of Count 4 in the Third Amended Complaint, Plaintiff seeks judgment only against FAMS. (Dkt. 61, p. 7).

a judgment in foreclosing relitigation of a matter that has been litigated and decided."). "When the requirements for issue preclusion are met, the parties may be prevented from relitigating issues actually decided in a prior action." *Gjellum v. City of Birmingham, Ala.*, 829 F.2d 1056, 1059 (11th Cir. 1987). Generally, "[I]ssue preclusion arises in a second action on the basis of a prior decision when the same "issue" is involved in both actions; the issue was "actually litigated" in the first action, after a full and fair opportunity for litigation; the issue was "actually decided" in the first action, by a disposition that is sufficiently "final," "on the merits," and "valid"; it was necessary to decide the issue in disposing of the first action . . ." *Id.* at 1059 (quoting Wright, Miller & E. Cooper, *Federal Practice and Procedure* § 4416 (1981)). Further, collateral estoppel prevents parties from re-litigating issues which have been determined in a prior litigation. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Here, all of the elements of issue preclusion are met with respect to Count 4. In rejecting Plaintiff's affirmative defense that Shafritz and Braten violated § 877.02, the state court found: "Simply because the director of the Plaintiff is also an officer of the law firm representing it in this action, does not result in a violation of Section 877.02. This is not the type of solicitation the Legislature intended to prohibit when it enacted this statute." (Dkt. 32-2, ¶ 5) Whether Shafritz and Braten violated § 877.02 has therefore been decided on the merits by the state court and Plaintiff is prohibited from relitigating that issue in this action.[9] Accordingly, Defendants' motion for summary judgment as to Count 4 of Plaintiff's Third Amended Complaint is GRANTED.[10]

---

[9] Since this claim is barred by res judicata and collateral estoppel, it is unnecessary to address Defendants' contention that Florida's litigation privilege applies.

[10] Although not included in Count 4 of Plaintiff's Third Amended Complaint, Plaintiff previously contended that Defendant FAMS violated § 559.72(9) of FCCPA, by attempting to enforce a debt that it could not enforce due to its failure to register with the state as required by Fla. Stat. § 559.53. This claim was likewise asserted by Plaintiff

11

Accordingly, it is **ORDERED AND ADJUDGED**:

1)    Plaintiff's Motion for Partial Summary Judgment (Dkt. 43) is **DENIED**.

2)    Defendants' Joint Motion for Summary Judgment (Dkt. 49) is **GRANTED** as to

Counts 1 and 4 of Plaintiff's Third Amended Complaint.

3)    Defendants' Joint Supplemental Motion for Summary Judgment as to Count 2  (Dkt.

63) is **GRANTED**.

4)    Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 62) is **DENIED**

as moot.

5)    Jurisdiction is reserved on Defendants' Motion for Entitlement to Attorney's Fees

Against Plaintiff Pursuant to Fed. R. Civ. P. 11 (Dkt. 68).

**DONE AND ORDERED** in chambers this ___7th___ day of December, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
*Pro se* Plaintiff

---

as an affirmative defense in the underlying states court action and decided on the merits by the state court (Dkt 32-2, ¶ 2, 4). Plaintiff would be prohibited from relitigating this issue in this action as well.