UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO D. COOPER,

        Plaintiff,

vs.                                        Case No. 8:06-CV-751-T-27MAP

F.A. MANAGEMENT SOLUTIONS, INC.,
and SHAFRITZ AND BRATEN, P.A.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant, Shafritz and Braten, P.A.'s Motion for Summary Judgment as to Count Three of Plaintiff's Third Amended Complaint (Dkt. 86). Plaintiff has not responded in opposition. Upon consideration, Defendant, Shafritz and Braten, P.A.'s Motion for Summary Judgment as to Count Three of Plaintiff's Third Amended Complaint (Dkt. 86) is GRANTED.[1]

*Background*

Defendant F.A. Management Solutions ("FAMS") purchased a portfolio of delinquent credit card accounts which included Plaintiff's Discover card account. FAMS retained Defendant Shafritz and Braten, P.A., a collection law firm, to undertake collection efforts. Hugh Shafritz is the Director of FAMS and President of Shafritz and Braten. (Dkts. 49-2, 56-2). On September 14, 2004, FAMS,

---

[1] Previously, Defendants' Joint Motion for Summary Judgment was **GRANTED** as to Counts 1 and 4 of Plaintiff's Third Amended Complaint and Defendants' Joint Supplemental Motion for Summary Judgment as to Count 2 was **GRANTED** (Dkt. 81).

through Shafritz and Braten, filed suit against Plaintiff in Pinellas County to collect the debt. According to Defendants, prior to filing the lawsuit, Shafritz and Braten performed a search on Accruint, an electronic web-based search database, which confirmed a Pinellas County address as Plaintiff's current address (Dkt. 56-2).

Defendant's first attempt to serve Plaintiff with process at his Pinellas County address was unsuccessful. Plaintiff's father, who resided at the Pinellas County address, informed the process server that Plaintiff was attending law school in Gainesville, Florida. (Dkts. 46, 49-2, 56-2). After performing several additional Accruint searches, all revealing the same Pinellas County address, the law firm forwarded an Alias Summons to the Clerk of Court to attempt service on Plaintiff. (Dkt. 56-2). On the law firm's second attempt at service, Plaintiff's father told the process server that Plaintiff was living in Gainesville, Florida (Alachua County) but that he did not have his address. (Dkts. 46, 56-2). The law firm then perfected substitute service on the Secretary of State pursuant to Florida Statutes §§ 48.161 and 48.181. (Dkt. 56-2). Plaintiff failed to appear for the pre-trial hearing and a default judgment was entered against him on May 13, 2005. On June 5, 2005, Plaintiff moved to set aside the default judgment. His motion was denied and Plaintiff appealed. (Dkt. 46-2).

In October 2006, Shafritz and Braten contacted the Florida Department of Highway and Motor Vehicles ("DMV") "to obtain certified confirmation" that Plaintiff had maintained the Pinellas County address as his primary residential address for purposes of the instant federal litigation and the underlying Pinellas County collection case (Dkt. 56-2). Defendants obtained Plaintiff's driver's record, which listed the Pinellas County address as Plaintiff's address. Id. Plaintiff admits that at all times while he was in law school in Gainesville, Florida, his driver's license reflected that he lived in Pinellas County. (Dkt. 49-4; Cooper Depo., pp. 34, 35).

In Count 3 of the Third Amended Complaint, Plaintiff alleges that Shafritz and Braten, P.A. violated the FDCPA's restriction on third party communication "by contacting the Florida Department of Highway and Motor Vehicles to acquire 'location information' regarding the collection of the underlying debt" and when it contacted "the Florida Department of Highway and Motor Vehicles ("DMV") and requested the complete driving report of the Plaintiff." (Dkt. 61, ¶¶35, 36). Plaintiff alleges that Defendants' contact with the DMV violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(b) and c(b) (Dkt. 61, p. 6). Defendants argue that their contact with the DMV was not for the purposes of a debt collection activity and therefore they have no liability under the FDCPA. This Court agrees.

### *Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004) (internal citations omitted). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must

go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

### *Count 3: Communication with Florida Department of Highway and Motor Vehicles*

Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with third parties "in connection with the collection of any debt" without the prior consent of the consumer. 15 U.S.C. § 1692c(b). On this record, Shafritz and Braten, P.A.'s communications with the DMV cannot be said to have been made "in connection with" the collection of the debt. Rather, the undisputed evidence establishes that Defendant's communication with the DMV was for the purpose of confirming Plaintiff's residential address, essential to its defense against Plaintiff's contention that Defendants had not properly effected service of process on him in the underlying Pinellas County collection case. (Dkt. 56-1, 2).

The plain language of § 1692c(b) requires that a communication be "in connection with the collection of any debt." When the words of a statute are clear, analysis must begin and end with the statutory language. *E.g., Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (citations omitted); *United States v. Clemendor*, 237 Fed.Appx. 473, 477-78 (11th Cir. 2000). Since Shafritz and Braten, P.A.'s communication was not "in connection with the collection" of a debt, they were not prohibited by § 1692c(b). Moreover, obtaining information from a third party for use as evidence under these circumstances cannot be said to constitute an improper "communication" under the FDCPA, as that communication was incident to a legal proceeding. *See Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003). Defendants were entitled to defend against Plaintiff's challenge to service of

4

process and were collecting the information from the DMV not to collect a debt but to defend against that challenge.

Accordingly, it is **ORDERED AND ADJUDGED**:

1) Defendants' motion for summary judgment as to Count 3 of Plaintiff's Third Amended Complaint (Dkt. 86) is GRANTED.

2) Defendants' Motion for Entitlement to Attorney's Fees Against Plaintiff Pursuant to Fed. R. Civ. P. 11 (Dkt. 68) is DENIED.

3) The Clerk is directed to close this case and deny any pending motions as moot.

**DONE AND ORDERED** in chambers this 31st day of January, 2008.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
*Pro se* Plaintiff